STEVEN G. KALAR
Federal Public Defender
Northern District of California
DAVID W. RIZK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:        david_rizk@fd.org

Counsel for Defendant TORRES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARVIN TORRES,<br><br>Defendant. | **Case No.:** CR 19–427 EMC<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>**Court:**  Courtroom 5, 17th Floor<br>**Hearing Date:**  December 16, 2019<br>**Hearing Time:**  3:00 p.m. |

## INTRODUCTION

Marvin Torres will soon be before the Court for sentencing in this very minor Tenderloin drug case.  Mr. Torres admitted to selling an undercover officer $18 worth of crack cocaine, and for this, he has already served approximately three months.  He respectfully asks that the Court impose a sentence of 45 days of custody (which he has already overserved), followed by the required term of supervised release.  Mr. Torres has minimal criminal history, has never served more than 28 days in jail previously, and here, he will likely be deported— significantly compounding the punishment.  He asks for 45 days rather than a "time served"

sentence of three months in order to avoid additional criminal history points; after all, in the state system, a person often would not even be charged for the conduct that occurred here, let alone receive 90 days in custody.  Under the circumstances, he respectfully submits, a sentence of 45 days is sufficient but not greater than necessary, per the command of 18 U.S.C. § 3553(a).

## BACKGROUND

Mr. Torres was born in an impoverished family in the capital of Honduras, Tegucigalpa. He graduated from the 10th grade in Honduras before seeking work—without success, which drove him to undertake the risky journey to the United States in seek of employment.  He has weekly contact with his mother (his father is deceased), and all of his siblings reside in Honduras.  He has no family in the United States and has fended for himself for most of his life.  When he was unable to find minimum-wage employment as a painter in the Bay Area, Mr. Torres made the mistake of turning to small-time drug dealing to make ends meet.  He has no violent priors.  Notably, when given the opportunity, he has succeeded in diversion with the San Francisco Young Adult Court program.  *See* PSR ¶ 27.

## ARGUMENT

### I.    Guidelines calculation

Mr. Torres stipulates to the Guidelines calculation set forth in the parties' plea agreement, which is as follows:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2D1.1(c)(14): | 12 |
| Acceptance of responsibility, U.S.S.G. § 3E1.1: | -2 |
| **Total offense level** | **10** |

Mr. Torres further concurs that he falls into Criminal History Category II.  He receives one point each for two prior convictions, for which he served 28 days each.

### II.    A sentence of 45 days custody serves the purposes of the sentencing statute.

Several matters are worth noting in connection with the statutory sentencing factors:

DEFENDANT'S SENTENCING MEMORANDUM
*TORRES*, CR 19–427 EMC

1

2     *First*, this is not a very serious offense.  Mr. Torres stands accused of selling an amount

3 of crack cocaine that cost $18—less than a meal in San Francisco.  While drug selling

4 undoubtedly poses a threat to the community, Mr. Torres is quite literally the lowest man in the

operation.  Thus, the seriousness of the offense does not militate for a longer sentence.
5
      *Second,* the deterrent value of imposing a longer sentence is marginal at best.  As the
6
court is no doubt well aware, the available data does not support the conclusion that longer
7
sentences promote general deterrence.  Moreover, Mr. Torres, like many immigrants in this
8
country, faces far worse social and economic conditions at home in Honduras, which drove him
9
to take the extraordinary steps of leaving his family, and embarking on the dangerous journey
10
to the United States, and ultimately to commit the instant crime.  The deterrent value of a
11
marginally longer sentence, weighed against the desperation felt by immigrants such as Mr.
12
Torres, is doubtful at best.
13
      *Third*, the public will be protected from any further crimes by Mr. Torres by the
14
requested sentence because following service of his sentence Mr. Torres will be deported and
15
remain in Honduras.  Unlike previously, Mr. Torres understands that he faces a term of
16
supervised release in this case—and that if he makes the mistake of returning to the United
17
States, he will likely face new federal charges as well as a supervised release violation.  These
18
additional disincentives to returning to small-time drug sales in the United States are adequate
19
to protect the public.
20
      *Fourth*, and finally, Mr. Torres's personal history counsels in favor of a significant
21
downward variance.  Mr. Torres faced an extremely disadvantaged background, which drove
22
him to desperation and the current crime.  He has a relatively thin criminal history compared to
23
many defendants before this Court and has never served more than 28 days in custody.  He has
24
never committed a violent crime and was successful in diversion when given the opportunity.
25
Finally, Mr. Torres was charged with selling a miniscule amount of crack cocaine.  To avoid
26
disparities between the state and federal systems, the Court should sentence him to 45 days.
27
      //
28
DEFENDANT'S SENTENCING MEMORANDUM
*TORRES*, CR 19–427 EMC

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For all the foregoing reasons, Mr. Torres respectfully requests that the Court impose a sentence of 45 days followed by supervised release.

Respectfully submitted,

Dated:    December 8, 2019

STEVEN G. KALAR
Federal Public Defender
Northern District of California


_____/S_____
DAVID W. RIZK
Assistant Federal Public Defender

DEFENDANT'S SENTENCING MEMORANDUM
*TORRES*, CR 19–427 EMC